IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Goodine, | ) | C/A No. 0:12-397-TLW-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND** |
| Mildred Rivera, *Warden*, | ) | **RECOMMENDATION** |
| Respondent. | ) | |

The petitioner, Brian Goodine ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at FCI-Edgefield and has paid the case filing fee. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner is serving a sentence of twenty years' imprisonment imposed by the United States District Court for the District of Maine in Case No. 2:01-CR-25-P-H-02. Petitioner requests that "the court re-sentence him in accordance with the amounts of crack cocaine found to be attributable to Goodine [Petitioner] by the jury."

In his memorandum in support of his Petition (ECF No. 1-1), Petitioner discloses that he was charged with possession with intent to distribute fifty grams or more of cocaine base and conspiracy. In a jury trial, Petitioner was convicted of the two charges on December 14, 2002. In a special verdict form, the jury found that Petitioner was "responsible for at least 5 grams of crack cocaine." (ECF No. 1-1 at 1.) The Probation

Office calculated Petitioner's guideline range as 168 months to 210 months. The United States District Court for the District of Maine, however, concluded that 21 U.S.C. § 841(b)(1)(A) required the imposition of a "20 year mandatory minimum sentence" because Petitioner was responsible for 309.2 grams of crack cocaine. Petitioner appealed his sentence. The United States Court of Appeals for the First Circuit affirmed the sentence and the Supreme Court of the United States denied discretionary appellate review. United States v. Goodine, 326 F.2d 26 (1st Cir. 2003), *cert. denied*, Goodine v. United States, 541 U.S. 902 (2004).

Petitioner contends that his twenty-year sentence violates the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and United States v. Promise, 255 F.3d 150 (4th Cir. 2001).

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with screening the petitioner's habeas petition and

attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The claims raised in the above-captioned case are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). Since Petitioner is seeking relief from his federal sentence, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. Dixon v. Rivera, No. 1:11-3468-TLW-SVH, 2012 WL 405702 (D.S.C. Jan 20, 2012), adopted, 2012 WL 405697 (D.S.C. Feb. 8, 2012) (overruling objections to Report and Recommendation).

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. See, e.g., San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). The fact that a Section 2255

action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Since the claim that Petitioner seeks to raise in the above-captioned case is cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the First Circuit to file a successive Section 2255 petition. In re Vial, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); 28 U.S.C. § 2244(b)(3).

Before Petitioner attempts to file another Section 2255 action in the United States District Court for the District of Maine, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the First Circuit. See In re: Williams, 330 F.3d 277 (4th Cir. 2003).

Moreover, Petitioner's claim is facially inadequate to require consideration by this District Court because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence *of the criminal charge* (possession with intent to distribute crack cocaine) for which he was convicted pursuant to a jury's verdict. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that

Page 5 of 8
PJG

was not presented at trial"); see also, e.g., Brown v. Rivera, C/A No. 9:08-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009); Chisholm v. Pettiford, C/A No. 6:06-2032-PMD, 2006 WL 2707320 (D.S.C. Sept. 18, 2006); Wyatt Davis v. United States, C/A No. 8:05-2778-GRA, 2006 WL 89505, *6 (D.S.C. Jan. 12, 2006). The Davis case relied, in part, on a case decided by the United States Court of Appeals for the Fifth Circuit, Kinder v. Purdy, 222 F.3d 209 (5th Cir. 2000).

As in Kinder, Davis, Brown, and Chisholm, nothing in this case presents more than an allegation of that a sentence was not proper—*not the actual innocence of the underlying criminal conviction*. There is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of Petitioner's criminal conviction for possession with intent to distribute crack cocaine in excess of five grams. United States v. Poole, 531 F.3d 263, 267 & n.7 (4th Cir. 2008) (savings clause applies to convictions but does *not* apply to sentences).

Also, Petitioner does not satisfy the three-part test outlined by our Court of Appeals. See In Re Jones, 226 F.3d 328 (2000). Under the holding of In Re Jones, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Petitioner does not satisfy the second prong of the In Re Jones test because there has been no change in substantive law relating to the two crimes for which he was convicted. See also Riddle v.

Mitchell, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010), *adopting* Report and Recommendation reported at 2010 WL 1707075 (D.S.C. Jan. 25, 2010).

## RECOMMENDATION

Accordingly, the court recommends that the § 2241 Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return. It is also recommended that the District Court deny a Certificate of Appealability. See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."), which can be applied to Section 2241 actions through Rule 1(b).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).